

**U.S. Department of Justice**

Criminal Division

---

*Child Exploitation and Obscenity Section*
*Jessica L. Urban*
*Jessica.Urban@usdoj.gov*

*1301 New York Avenue, NW*
*Eleventh Floor*
*Washington, D.C. 20530*
*Office: (202) 514-3740*

May 8, 2026

<u>**Via E-Mail**</u>

Louis G. DeAngelis, Esq.
346 Grand Avenue
Englewood, NJ 07631
Office@lgdlegal.com

Albert H. Wunsch, III, Esq.
400 Sylvan Avenue
Englewood Cliffs, NJ 07632
Legalweapon3@msn.com

*Counsel for Abhishek Vijayakumar*

Re:    <u>Plea Agreement with Abhishek Vijayakumar</u>
                25-CR- 229 (CCC)

Dear Counsel:

This letter sets forth the plea agreement between your client, Abhishek Vijayakumar ("Vijayakumar"), and the Child Exploitation and Obscenity Section of the U.S. Department of Justice's Criminal Division ("this Office"). This offer will expire on **June 8, 2026,** if it is not accepted in writing by that date. If Vijayakumar does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Vijayakumar to the Indictment, which charges Vijayakumar with accessing with intent to view child pornography involving a prepubescent minor and minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). If Vijayakumar enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Vijayakumar for the knowing possession or receipt of child pornography between on or about March 7, 2024, and March 9, 2024.



2

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Vijayakumar even if the applicable statute of limitations period for those charges expires after Vijayakumar signs this agreement, and Vijayakumar agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) to which Vijayakumar agrees to plead guilty in the Indictment carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (i) $250,000; (ii) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (iii) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(2), if the Court determines that Vijayakumar has a prior conviction under Chapters 71, 109A, 110, or 117, or under the Uniform Code of Military Justice or the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then the violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) to which Vijayakumar agrees to plead guilty carries a mandatory minimum prison sentence of 10 years.

The sentence to be imposed upon Vijayakumar is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the statutory maximum fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Vijayakumar ultimately will receive.

Further, in addition to imposing any other penalty on Vijayakumar, the sentencing judge as part of the sentence:

1.  will order Vijayakumar to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;



2.  must order Vijayakumar to pay a special assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A;

3.  must order Vijayakumar to pay restitution pursuant to 18 U.S.C. § 2259, including restitution of at least $3,000 per victim for the victims of the count of conviction;

4.  must order forfeiture pursuant to 18 U.S.C. § 2253;

5.  must require Vijayakumar to serve a term of supervised release of not less than five (5) years, and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed, pursuant to 18 U.S.C. § 3583(k); and

6.  should Vijayakumar be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vijayakumar may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3). However, pursuant to 18 U.S.C. § 3583(k), should Vijayakumar be found to have committed an offense in violation of chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, while required to register under the Sex Offender Registration and Notification Act (SORNA), and in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), Vijayakumar must be sentenced to at least five (5) years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, Vijayakumar agrees to make full restitution to all minor victims of his offense of conviction. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.



4

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 2253, Vijayakumar agrees to forfeit to the United States all of his right, title, and interest in (1) all electronic devices seized on or about April 12, 2024, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code that were produced, transported, mailed, shipped, or received in violation of chapter 110 of Title 18, United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code that were produced, transported, mailed, shipped, or received in violation of chapter 110 of Title 18, United States Code; (3) all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Indictment; and (4) all property, real or personal, used or intended to be used to commit or to promote the commission of the offense charged in the Indictment and all property traceable to such property, which includes the items listed in Schedule B hereto (collectively, the "Specific Property").

Vijayakumar further waives and abandons all of his right, title, and interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; waives, releases, and withdraws any claim that Vijayakumar may have made with respect to the Specific Property; waives and releases any future claim that Vijayakumar might otherwise have made to the Specific Property; and consents to the destruction of the Specific Property.

Vijayakumar further agrees to consent to the entry of orders of forfeiture for the Specific Property that may be final prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Vijayakumar further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Vijayakumar understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Vijayakumar waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Vijayakumar's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Vijayakumar further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Vijayakumar fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or



if this Office determines that Vijayakumar has intentionally failed to disclose assets on his Financial Disclosure Statement, Vijayakumar agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Vijayakumar by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Vijayakumar's activities and relevant conduct with respect to this case.

Stipulations

This Office and Vijayakumar will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.



6

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraphs below, this Office and Vijayakumar waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Vijayakumar understands that, if Vijayakumar is not a citizen of the United States, Vijayakumar's guilty plea to the charged offense will likely result in Vijayakumar being subject to immigration proceedings and removed from the United States by making Vijayakumar deportable, excludable, or inadmissible, or ending Vijayakumar's naturalization. Vijayakumar understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Vijayakumar wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Vijayakumar's removal from the United States. Vijayakumar understands that Vijayakumar is bound by this guilty plea regardless of any immigration consequences. Accordingly, Vijayakumar waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Vijayakumar also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Registration Consequences

Vijayakumar understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Vijayakumar wants and agrees to plead guilty to the charged offense regardless of any registration consequences of this plea. Vijayakumar understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Vijayakumar waives any and all challenges to his guilty plea and to his sentence based on any registration consequences and agrees not to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### Adam Walsh Child Protection and Safety Act

Vijayakumar has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the jurisdictions where Vijayakumar resides; where he is an employee; and where he is a student. Vijayakumar understands that the requirements for registration include providing his name, his social security



number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, the license plate number and a description of any vehicle owned or operated by him, and information relating to intended travel outside the United States, among other information. Vijayakumar further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Vijayakumar has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (i) $250,000; (ii) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (iii) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

This agreement is limited to the Child Exploitation and Obscenity Section of the U.S. Department of Justice's Criminal Division and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vijayakumar. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Vijayakumar from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Vijayakumar and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

8

Very truly yours,

STEVEN GROCKI
Chief

*Jessica L. Urban*

By:    Jessica L. Urban
Trial Attorney
Child Exploitation and
       Obscenity Section
Criminal Division
U.S. Department of Justice

APPROVED:

STEVEN GROCKI  Digitally signed by STEVEN GROCKI
                Date: 2026.06.12 12:41:28 -04'00'

Steven Grocki
Chief, Child Exploitation and Obscenity Section

I have received this letter from my attorney, Louis G. DeAngelis, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Abhishek Vijayakumar
Defendant

Date: 6/5/2026

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
Louis G. DeAngelis, Esq.
Counsel for Defendant

Date:    06·08.26

AV

10

Plea Agreement with Abhishek Vijayakumar

Schedule A

1. The Child Exploitation and Obscenity Section of the U.S. Department of Justice's Criminal Division ("this Office") and Abhishek Vijayakumar ("Vijayakumar") agree to the following facts:

a. Between on or about March 7, 2024, and on or about March 9, 2024, in Bergen County, in the District of New Jersey, and elsewhere, Vijayakumar did knowingly access with intent to view material that contained at least one image of child pornography, as defined in 18 U.S.C. § 2256(8)(A);

b. Such child pornography was transported using any means or facility of interstate and foreign commerce (i.e., by the Internet);

c. Such child pornography was also produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer (i.e., was found on Vijayakumar's Samsung Galaxy Tab A7 Lite model SM-T220 tablet, bearing Serial No. R9PW106AEZF, which was manufactured outside the state of New Jersey);

d. Vijayakumar knew such matter constituted child pornography (i.e., knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct);

e. Approximately 285 images of minors engaged in sexually explicit conduct were found on Vijayakumar's above-described tablet;

f. At least one such image depicted a prepubescent minor and a minor under the age of 12 years (e.g., imagery of a child appearing to be approximately three years old being vaginally penetrated by an adult male's penis); and

g. Vijayakumar's Samsung cell phone, bearing Serial No. R5CRC2SJS1V, was also used to attempt to access with intent to view child pornography.

2. This Office and Vijayakumar agree that the following Sentencing Guidelines should apply:

a. The applicable guideline is U.S.S.G. § 2G2.2.

b. The base offense level is 18 because the defendant will be convicted under 18 U.S.C. § 2252A(a)(5)(B). *See* U.S.S.G. § 2G2.2(a)(1).

AV

c. Four specific offense characteristics apply, which result in an 11-level upward adjustment:

      i.   The defendant possessed material involving a prepubescent minor and minor who had not attained the age of 12 years, which results in a two-level increase. *See* U.S.S.G. § 2G2.2(b)(2).

      ii.   The offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, which results in a four-level increase. *See* U.S.S.G. § 2G2.2(b)(4).

      iii.   The offense involved the use of a computer or an interactive computer service for the accessing with intent to view the material, which results in a two-level increase. *See* U.S.S.G. § 2G2.2(b)(6).

      iv.   The offense involved at least 150 images, but fewer than 300, which results in a three-level increase.

d. As of the date of this letter, Vijayakumar has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Vijayakumar's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

e. As of the date of this letter, Vijayakumar has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for a trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Vijayakumar's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Vijayakumar enters a plea pursuant to this agreement; (b) this Office, in its discretion, determines that Vijayakumar's acceptance of responsibility has continued through the date of sentencing and Vijayakumar therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Vijayakumar's offense level under the Guidelines prior to the operation of U.S.S.G. § 3E1.1(a) is 16 or greater.

f. Accordingly, the total Guidelines offense level (the "Total Offense Level") applicable to Vijayakumar is 26.

g. Assuming Vijayakumar has a criminal history category of I, the advisory Guidelines range for Vijayakumar is 63-78 months' imprisonment.

12

3. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

4. In accordance with the above, the parties agree that a sentence between 36 months of imprisonment and the top of the Guidelines range as calculated by the Court plus a term of supervised release of at least five years (the "Stipulated Sentencing Range") for the charge contained in the Indictment is reasonable under 18 U.S.C. § 3553(a). Neither party will argue for a sentence below or above the Stipulated Sentencing Range. The parties recognize, however, that the Stipulated Sentencing Range will not bind the District Court.

5. If the term of imprisonment imposed is at or below the statutory maximum for the offense, Vijayakumar will not challenge his conviction or sentence or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at or above the Stipulated Sentencing Range, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge finds facts different from those set forth above.

6. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).



13

## Plea Agreement with Abhishek Vijayakumar

### Schedule B

The following items, which were seized on April 12, 2024:

1. Samsung Galaxy Tab A7 Lite model SM-T220 tablet, bearing Serial No. R9PW106AEZF; and

2. Samsung cell phone bearing Serial No. R5CRC2SJS1V.